430

## CIRCUIT COURT OF THE CITY OF RICHMOND

Sherrie Hatcher

v.

Nationwide Mutual
Insurance Co.
and E'mik Jackson

December 13, 2000

Case No. HK-1468-1

BY JUDGE MELVIN R. HUGHES

In this declaratory judgment proceeding, the question is whether a homeowner's insurance policy issued by the defendant-insurer extends coverage to one of two residences owned by the plaintiff-insured. More specifically, the question is whether coverage extends to the insured's daughter on the basis that she is a member of the insured's household.

The issue arises from a dog bite incident, which occurred in April 1997, and an ensuing claim for personal injury against the insured's daughter, the dog's owner. The parties are plaintiff Sherrie Hatcher, daughter of the insured Mattie Lou Hatcher, and defendant Nationwide Mutual Insurance Company. The person who sustained the dog bite, E'mik Jackson, has been named a party defendant.

The parties have entered into a stipulation. This encompasses two homeowner policies issued by the defendant providing coverage to two properties owned by Mattie Lou Hatcher, one on Pepperidge Road and the other on Erich Road, the property where the incident occurred. The stipulation also includes the depositions of Mattie Lou Hatcher and Sherrie Hatcher. Nationwide

has denied that Sherrie Hatcher is an insured under the policies and that she is entitled to coverage involving any liability arising from the dog bite incident.

In April 1997, E'mik Jackson was bitten by a dog owned by Sherrie Hatcher at the Erich Road property. Whether coverage extends to Sherrie Hatcher due to the incident depends upon whether she is an "insured" under the policy as "a member of the household" of Mattie Lou Hatcher, her mother, the named insured under the policy. After a review of the evidence concerning the parties' living arrangements, the court decides that Sherrie is not a member of her mother's household and thereby is not entitled to coverage arising from the underlying incident.

As noted, Mattie Lou Hatcher owns the two properties pertaining to two homeowner's policies. She has lived at the Pepperidge address since she acquired the property in 1990. Sherrie, one of three daughters, lives at the Erich Road address along with a sister and three children. They have lived at the Erich Road address since that property was purchased in 1978.

Considering the Pepperidge address, Sherrie's stays there are infrequent, usually only when she and her sister have been "out" and Sherrie does not want to drive to Erich Road. Sherrie does not have her own room at Pepperidge but rather when there stays in the guest bedroom which has been designated for the "children." Her driver's license lists her address at Erich Road which is also the address on her tax forms and the address where she receives her mail.

Considering the Erich Road address as to Mattie, her stays there are more similar to that of a guest than as a member of a household. She is unable to say whether she stays there an average of twelve times a year or thirty times a year. Regardless of the lack of exactness, Mattie spends the night at Erich during inclement weather or when it is convenient for her to do so due to her work schedule. These overnight stays are in no sense regular, and she does not ever stay there for extended periods of time. This has been the situation for ten years. The evidence suggests that this will obtain in the near future. Even though Mattie expresses an intent to return to Erich Road, it is clear she is not merely temporarily staying at Pepperidge, rather that has been her primary residence for the ten years since she purchased that property. This and other accompanying concerns revealed by the evidence all weigh against her financial and physical contributions to the household at Erich Road such that she cannot be said to reside at Erich Road and thus be a part of a "household" of which Sherrie is a member there.

The Supreme Court of Virginia has defined the phrase "resident of the same household" which is analogous to relatives "who live in your household." A household is defined as "a collection of persons as a single group, with one

head, living together, a unit of permanent and domestic character, under one roof" and as a "collective body of persons living together within one curtilage, subsisting in common, and directing their attention to a common object, the promotion of their mutual interests and social happiness." *Allstate Ins. Co. v. Patterson*, 231 Va 358, 362, 344 S.E.2d 890 (1986), quoting *State Farm Mut. v. Smith*, 206 Va 280, 285, 142 S.E.2d 562 (1965). One's intent is a key factor to consider in making a determination of whether that person is a resident of a certain household. Continuous residence is not required but there needs to be a reasonable degree of regularity. Casual, erratic contacts are not sufficient. The evidence here along with other factors to consider, including where one keeps one's belongings, performing chores at the residence, the address on tax forms and driver's license, and whether the person maintains a room at the residence all, by the evidence, bear on the side of the defendant, that Mattie and Sherrie are not members of the same household.

Accordingly, the court finds in favor of the defendant.